UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

RICARDO DODSON,

      Plaintiff,

vs.

DAVID BERENSON, et al.,

      Defendants.

CASE NO. 1:17-CV-327

OPINION & ORDER
[Resolving Docs. No. 61, 62]

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Ricardo Dodson, proceeding *pro se*, brought a 42 U.S.C. § 1983 claim for violations of his First, Sixth, and Fourteenth Amendment rights.[1] This Court dismissed all but Dodson's Fourteenth Amendment equal protection claim for failure to state a claim,[2] and dismissed this remaining equal protection claim on summary judgment.[3] Plaintiff Dodson now asks the Court to reconsider its summary judgment decision and to make additional factual findings.[4]

    The Federal Rules do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.[5] Such a motion is extraordinary and is seldom granted because it contravenes the goals of finality and repose.[6]

---

[1] Doc. 4-2 (corrected complaint).
[2] *See* Doc. 42.
[3] *See* Doc. 59.
[4] Docs. 61, 62. Defendants oppose. Doc. 63.
[5] *See Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.").
[6] *See Wells Fargo Bank v. Daniels,* No. 1:05–CV–2573, 2007 WL 3104760, at * 1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

Case No. 1:17-CV-327
Gwin, J.

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice.[7] "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"[8] When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit."[9]

Plaintiff Dodson makes no legal arguments in his motions to reconsider the Court's summary judgment order. Instead, he argues that he raised a number of factual issues that the Court failed to resolve.[10] These issues relate to whether Plaintiff Dodson revealed the name of a female food service employee in his sex offender treatment program and whether he received documentation about terminations from that sex offender treatment program that the Court ordered Defendants to provide him with.

The Court did not address whether Dodson identified this food service worker by name because that issue made no difference when deciding whether Defendants removed Dodson from sex offender treatment because of his race. Defendants' race neutral explanations did not turn on whether Dodson identified the food service employee by name, and so any dispute about that fact was immaterial.

---

[7] *See Gencorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).
[8] *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury,* 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).
[9] *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).
[10] Dodson also argues that the Court failed to rule on his motion to stay summary judgment proceedings, but the Court has already explicitly denied that request. *See* Doc. 58 at 1 n.3.

Similarly, as the Court noted in its summary judgment opinion, the documents about other inmates' dismissals from sex offender treatment that Dodson said he did not receive[11] "are too attenuated [from Dodson's dismissal] to undermine Defendants' non-discriminatory justifications for Dodson's dismissal."[12]  Therefore, they could not help Dodson to establish his discrimination claim.

Additionally, Dodson has not presented any argument based on these materials in either his motion for reconsideration or his motion to amend judgment.  Therefore, even if there is some smoking gun in these files, Dodson has not presented it to the Court.

For these reasons, the Court **DENIES** Plaintiffs' motions to reconsider and to alter or amend the judgment.

IT IS SO ORDERED.

Dated: December 22, 2017                             s/       *James S. Gwin*_____
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[11] Dodson admits in his motion to amend judgment that he received these documents on December 6, 2017. Doc. 62 at 1. Defendants filed a privilege log with the Court and mailed these documents to Dodson on November 29, 2017. *See* Docs. 58, 58-1.  Because Defendants complied with the Courts' order, Dodson's request for sanctions within his motion for reconsideration is **DENIED**. *See* Doc. 61 at 4-5.

[12] Doc. 59 at 9.